**In re JOANNE M. et al.**

[Cite as *In re Joanne M.* (1995), 103 Ohio App.3d 447.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–333.

Decided May 12, 1995.

*Cary Rodman Cooper* and *Terrell A. Allen,* for appellant.

MELVIN L. RESNICK, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which denied appellant's motion for a closure hearing. Appellant, Lucas County Children's Services Board, appeals that judgment and asserts the following assignment of error:

"The trial court erred in summarily denying appellant's motion for closure hearing."

On September 8, 1994, appellant filed a complaint in the juvenile court alleging that Linda M. (born July 30, 1985), Joanne M. (born February 18, 1989), and May M. (born March 12, 1990) were abused, dependent and neglected children. Appellant claimed that May M. was hospitalized with severe injuries, including a perforated colon and human bite marks on her body, received as a result of physical abuse by a "friend" who lived with the children and their natural father. The complaint further asserted that both Joanne M. and Linda M. stated that they were also physically abused by their father's "friend" and that their father knew of the abuse. Appellant requested temporary custody of the three children.

At a shelter care hearing held on the same date, the parties agreed that temporary custody would be awarded to appellant. At this initial hearing, two television reporters were present. Appellant therefore raised the issue of whether all proceedings in this case should be closed to the public.

On September 22, 1994, appellant filed a motion for an evidentiary hearing on the issue of whether the proceedings in the present case should be closed to the public. Appellant contended "harm to the children will result if the proceedings would be public. This belief is in part based upon the nature of the allegations and the ages of the children, as well as their condition and specific response to the situation that has developed." No one, including the natural parents of Linda, Joanne, and May, objected to the motion for a closure hearing.

A review hearing was held on September 29, 1994. At the beginning of the hearing, the referee announced that she would recommend that the trial court "summarily deny" appellant's motion for a closure hearing. Appellant objected. In her report and recommendation, the referee noted that "oral arguments presented [with regard to the closure motion] due [sic] not augment memorandum attached to motion."

The juvenile court held a hearing on appellant's objection. In adopting the referee's recommendation, the court below stated:

"Now listen carefully. We did entertain your closure motion. The decision was not to have a closure hearing and to declare the hearing open. So you've had your hearing. There's nothing in the procedure that requires a closure hearing.

"But the court's first decision is to decide, one, whether there would be a closure hearing, or a summary dismissal of your motion for a closure hearing. The latter decision was made."

" * * *

"I'm proceeding under the *Lias* decision [*State ex rel. Dispatch Printing Co. v. Lias* (1994), 68 Ohio St.3d 497, 628 N.E.2d 1368], that says that under the Ohio Constitution, there is no provision, first of all, that all hearings in the state, of all kinds, are presumptively open. And it's the decision of this court that's a good rule and we're going to follow it.

"Now that's not the end of the issue. There are many other factors and the very factors that you are concerned about and want to have a closure hearing on are important, don't get me wrong. But at this point, the Court doesn't know whether there's anything in the evidence that should not be disseminated publicly.

"If there is anything in the evidence that should not be disseminated publicly for the best interest of the child or the children involved, then the court would entertain a motion after that evidence has been admitted and after the hearing to limit the use of that information.

"So it seems to me that the best interest of the children can be protected and at the same time, the open courts doctrine that's present in the Ohio Constitution can be honored."

In a judgment entry, dated October 19, 1994, the trial court, without comment, denied appellant's motion for a closure hearing. This appeal followed.

In its sole assignment of error, appellant maintains that the trial court misconstrued *Lias.* Accordingly, appellant contends that the lower court's judgment contravenes the principles set forth in both *Lias* and in *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439.

*In re T.R.* involved custody and dependency proceedings in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which received national publicity. T.R.'s guardian *ad litem* and her counsel both sought closure of the proceedings. The trial court granted the motion for closure. The Columbus Dispatch then filed a petition for a writ of prohibition in the Franklin County Court of Appeals and asked that court to issue an order precluding the trial court from enforcing its ruling on the closure motion. The appellate court granted the petition for a writ. This judgment was then appealed to the Ohio Supreme Court.

In reversing the judgment of the appellate court, the Ohio Supreme Court balanced the competing interests of the constitutional right of "open access to

courts" and the equally compelling interest in the protection of a minor child during a juvenile proceeding involving allegations of abuse, dependency and/or neglect or custody. See *In re T.R.*, 52 Ohio St.3d at 12–18, 556 N.E.2d at 446–451. The high court specifically held that, in the absence of a statute, such proceedings "are neither presumptively open nor presumptively closed to the public." *Id.* at paragraph three of the syllabus. Rather, the Ohio Supreme Court set forth the following standard:

"The juvenile court may restrict public access to these proceedings pursuant to Juv.R. 27 and R.C. 2151.35 if the court finds, after hearing evidence and argument on the issue, (1) that there exists a reasonable and substantial basis for believing that public access could harm the child or endanger the fairness of the adjudication, and (2) the potential for harm outweighs the benefits of public access." *Id.*

The Supreme Court also provided appellate courts with a standard for the review of an order granting or denying a motion for closure. That standard is as follows:

"Closure decisions are to be made by the trial judge on the totality of the circumstances. That decision should withstand review unless the trial judge has abused his or her discretion in applying the standard we have set." *Id.* at 21, 556 N.E.2d at 453.

In *Lias*, the Ohio Supreme Court addressed the procedure to be followed in determining a motion for closure of abuse, dependency, neglect and/or custody proceedings in the juvenile court. The central issue in *Lias* was whether the hearing on a closure motion was required to be closed to the public. *Id.*, 68 Ohio St.3d at 501, 628 N.E.2d at 1371–1372.

However, Justice Douglas, writing for a unanimous court, stated, at paragraph one of the syllabus:

"Unless summarily denied, a motion of a party to a juvenile court proceeding ('proceeding') requesting that the proceeding be closed to the press and public, requires the juvenile court to conduct an evidentiary hearing ('closure hearing') to determine whether closure is warranted. Closure of the proceeding may be warranted upon a showing by the juvenile court that it has followed the standards set forth in *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439, paragraph three of the syllabus, and that there are no reasonable alternatives to closure."

In *Lias*, the court clearly intended to limit the closure of certain proceedings in a juvenile court. See *id.* at 503–504, 628 N.E.2d at 1372–1374. In doing so, the *Lias* court provided the juvenile court with the discretion to "summarily deny" a motion for closure. Thus, the issue before this court is whether the juvenile court abused its discretion in summarily denying appellant's motion for

closure.  Therefore, unless the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable, that judgment cannot be disturbed. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

In this case, both the referee and the trial court employed the phrase "unless summarily denied" as a basis for overruling appellant's motion without providing any rationale for such a ruling.  We are of the opinion that, in certain circumstances, a juvenile court can discern from the facts before it and the allegations in the motion that an evidentiary hearing is not warranted and summarily deny that motion.  For example, a custody proceeding involving issues and facts important only to the parties.

Nonetheless, the facts and circumstances of the present case do not fit that category.  Here, we have severe physical injury to a young child.  The nature of that injury and the information provided by her two sisters give rise to an inference that evidence may be offered which, if made public, will be psychologically damaging to all three children.  Further, this is a case in which the media has already expressed an interest.  Finally, none of the parties to the case under consideration objected to a closure hearing.  No appellee's brief was filed in this appeal.

Moreover, the juvenile court apparently relied on an incorrect presumption in reaching its decision.  Nothing in *Lias* suggests that the holding in *In re T.R.* was modified or overruled.  Therefore, in determining whether to summarily deny a motion for closure without a hearing, any presumption in favor of a public proceeding in an abuse, neglect, dependency and/or custody proceeding is erroneous.

For the foregoing reasons, the trial court abused its discretion in summarily denying appellant's motion for a closure hearing.  Appellant's sole assignment of error is found well taken.

The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed.  This cause is remanded to that court for a closure hearing.  Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

ABOOD, P.J., and HANDWORK, J., concur.